UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PINKNEY, | ) | Case No.: 1:20 CV 2685 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JUDGE RAYMOND J. EWERS, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Michael Pinkney filed this action against Lorain County Court of Common Pleas Judge Raymond J. Ewers, former Lorain County Prosecutor Dennis Will, and Assistant Lorain County Prosecutor Christopher Pyanowski.  Plaintiff is currently incarcerated in the Richland Correctional Institution, having pled guilty in 2014 to burglary, rape, and obstruction of justice.  In his Complaint, he alleges the criminal complaint against him was defective, his indictment was fraudulent, the grand jury proceedings were defective, and the State of Ohio and the state courts failed to timely respond to his Motion to Show Cause.  He asks this Court to Order his release from prison, and award him damages in the amount of thirty million dollars for pain and suffering.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination

is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

### Analysis

As an initial matter, Plaintiff cannot collaterally attack his conviction in a civil rights action. To the extent he is seeking release from prison, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent he is seeking damages, he first must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). If the conviction or sentence has not been invalidated, claims seeking damages for a wrongful conviction or sentence are not cognizable under 42 U.S.C. § 1983. Plaintiff's claims clearly challenge his conviction. That conviction has not be reversed or declared invalid by a state or federal court. He therefore cannot proceed with his claims for damages.

Furthermore, all of the Defendants are immune from suits for damages. Judges are absolutely immune from civil suits for money damages unless the conduct was not performed while the Defendant was acting as a judge or the conduct, although judicial in nature was taken in complete absence of all of the court's subject matter jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Similarly, prosecutors are absolutely immune from suits for damages where their actions were those of an advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Here, the Defendants were clearly acting in their capacities as Judge and Prosecutors in Plaintiff's criminal case. State criminal actions

3

are within the subject matter jurisdiction of the Common Pleas Court.  None of the exceptions to immunity apply.  Plaintiff cannot bring a claim for damages against these Defendants.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED**.**


*/S/ SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 1, 2021

---

[1]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.